**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND** 27 PM 7: 22

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

November 27, 2018

MEMORANDUM TO COUNSEL

    Re:    *Dunham, et al. v. Muniz, et al.*
           Civil Action No. ELH-18-1295

Dear Counsel:

As you know, on April 11, 2018, plaintiffs Alexandrea Dunham and Alycea Rivera filed suit against defendants Christian Giovanni Muniz and Five Below, Inc. ("Five Below"). ECF 1 (the "Complaint"). Plaintiffs, employees of Five Below, assert that Muniz, an assistant manager of Five Below, illegally recorded them using the bathroom at various times between September 1, 2016, and November 15, 2016. *Id.* ¶¶ 16-17.

On May 24, 2018, Five Below waived service of process. *See* ECF 5-1 at 2 ("Waiver of the Service of Summons").[1] And, on August 15, 2018, it moved to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. *See* ECF 7.

Plaintiffs effected service of process upon Muniz on June 6, 2018. *See* ECF 10-1 ("Affidavit of Service"). Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Muniz was required to respond to the Complaint by June 27, 2018.

On June 28, 2018, counsel for plaintiffs, Theodore Bruce Godfrey, notified the Court that he had received a letter that same day from Muniz. ECF 3. The letter was addressed to "T, Bruce [sic] Godfrey" and stated, ECF 3-1: "I, Christian Muniz, deny these claims you've been brought forth. I wish to settle this matter in a court of law."

Two months later, plaintiffs filed a "Motion for Default" against Muniz. ECF 10. They asserted that Muniz's note (ECF 3-1) did not constitute a pleading under Fed. R. Civ. P. 8, and that Muniz had "otherwise failed or refused to communicate" with the Court. *Id.* ¶ 3. On September 11, 2018, the Clerk entered an Order of Default, pursuant to Fed. R. Civ. P. 55(a). ECF 12.

---

[1] By marginal Order of July 5, 2015, I granted Five Below's request for an extension of time to file its response. *See* ECF 6.

On November 26, 2018,[2] plaintiffs and Five Below filed a "Stipulation of Dismissal with Prejudice," which stated, as follows: "It is hereby stipulated by and between the *parties* to this action through their designated counsel that the above-captioned action, including all claims, be and hereby is dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. . . ." ECF 18 (emphasis added).

By marginal Order of the same date, I approved the stipulation. *See* ECF 19. And, the Clerk terminated Five Below as a party in this action. *Id.* However, the case remains open because it is unclear whether the stipulation applies to defendant Muniz.

In light of the foregoing, by **December 5, 2018**, I ask counsel to clarify whether the dismissal (ECF 18) includes defendant Muniz.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge

---

[2] Plaintiffs filed three consent motions for extension of time to respond to Five Below's Motion to Dismiss, seeking additional time for settlement discussions with Five Below. *See* ECF 8; ECF 13; ECF 16. I granted the motions by marginal order. *See* ECF 9; ECF 14; ECF 17.